IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:22-CR-039 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| JUSTIN MICHAEL HERERRA, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

# Table of Contents

INTRODUCTION .................................................................................................. 1

PROCEDURAL BACKGROUND......................................................................... 2

ADVISORY GUIDELINES RANGE .................................................................... 2

THE § 3553(a) FACTORS SUPPORT A GUIDELINES SENTENCE.......................... 2

CONCLUSION....................................................................................................... 4

## INTRODUCTION

Defendant has repeatedly demonstrated throughout his life that he is very dangerous and has a significant substance abuse problem. Defendant has been convicted of numerous dangerous and violent felonies, as well as significant drug distribution felonies. This Court should sentence him at the bottom of his guidelines range.

## PROCEDURAL BACKGROUND

On April 19, 2022, a grand jury returned a Superseding Indictment charging the Defendant, Justin Herrera, with four counts: Conspiracy to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A), Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and two counts of Felon in Possession of a Firearm, in violation of Title 21, United States Code, Section 922(g)(1) and 924(a)(2). The Superseding Indictment included a notice of prior conviction, pursuant to Title 18, United States Code, Section 851. The Superseding Indictment also included a notice of forfeiture.

On August 18, 2022, Defendant plead guilty to Count One pursuant to a plea agreement.

## ADVISORY GUIDELINES RANGE

The parties agree the PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base offense level (§2D1.1) | 38 |
| Acceptance (§3E1.1(a)) | -2 |
| Acceptance (§3E1.1(b)) | -1 |
| Total offense level | 35 |
| Criminal History | IV |
| Guidelines range: | 292 to 365 months' imprisonment |

### THE § 3553(a) FACTORS SUPPORT A GUIDELINES SENTENCE

The appropriate sentence to be imposed by the Court should be "sufficient but

not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;
    C. to protect the public from further crimes of the defendant; and
    D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence at the bottom of the guidelines range.

Defendant's history is replete with violence and drug use. Defendant began using controlled substances early in his life and seems to have only stopped while being incarcerated. Defendant has gone through numerous court interventions with probation and substance abuse treatment, but none were sufficient to change Defendant's behavior.

Most notable is Defendant's convictions for Voluntary Manslaughter and Second Degree Robbery. Defendant served a significant prison sentence on these charges, but yet was right back to his old ways upon release. He was engaged in more dangerous conduct by eluding police officers, which causes a great danger to the officers involved as well as the rest of the community. Simply put, Defendant is dangerous with a significant substance problem and deserves a lengthy prison

sentence. This is why the Government recommends a sentence that is at the bottom of the guidelines range. Even though it is the bottom, it still recommends a significant prison term, which is necessary to ensure the protection of the community and for Defendant to finally get a handle on his substance abuse issues.

## CONCLUSION

The Court should impose a sentence at the bottom of the guidelines range.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Jonathan L. Holscher*
Jonathan L. Holscher
Special Assistant U.S. Attorney
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: jonathan.holscher@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail   \_\_\_\_ Fax   \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing   \_\_ Other means (email)

SPECIAL ASSISTANT UNITED STATES ATTORNEY

By:   */s/ Jonathan L. Holscher, SAUSA*